UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. GLENN, JR.,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 07-973 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　William T. Glenn, Jr., filed this action on August 15, 2007.  On April 4, 2008, the parties filed a Joint Stipulation ("J.S.") that addressed the disputed issues.  (Dkt. No. 27.)

　　　On July 14, 2009, this case was reassigned to Magistrate Judge Rosenberg.  (Dkt. No. 29.)  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on July 17 and 21, 2009.  (Dkt. Nos. 30-31.)  The Court has taken the matter under submission without oral argument.  Having reviewed the entire file, the decision of the Commissioner is affirmed.

///

**I.**

**PROCEDURAL BACKGROUND**

On May 25, 2005, Glenn filed an application for disability insurance benefits. A.R. 10. On April 27, 2005, Glenn filed an application for supplemental security income benefits. *Id.* Both applications alleged an onset date of April 30, 2004. *Id.* The applications were denied initially and upon reconsideration. A.R. 19-20. An Administrative Law Judge ("ALJ") conducted a hearing on November 27, 2006, at which Glenn, a medical expert and a vocational expert testified. A.R. 94-144. On December 21, 2006, the ALJ issued a decision denying benefits. A.R. 7-14. Glenn requested review. A.R. 5. On June 13, 2007, the Appeals Council denied the request for review. A.R. 2-4.

This lawsuit followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. ALJ Findings

Glenn has the following severe impairment: "degenerative joint disease of the right knee patellofemoral joint, status post right ankle ORIF." A.R. 12. Glenn has the residual functional capacity ("RFC") to "lift 20 pounds and frequently lift 10 pounds. He can stand and walk for 4 hours of an 8-hour workday and sit for 6 hours. He can occasionally balance, stoop, climb, kneel, crouch and crawl. Pushing and pulling would be limited to the same restrictions as lifting and carrying." *Id.* The ALJ found that Glenn could perform his past relevant work as dispatcher. A.R. 14.

## C. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). The ALJ found that Glenn's medically determinable impairment could reasonably be expected to produce the alleged symptoms. A.R. 13.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

The ALJ did not find malingering, but did find that Glenn's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." A.R. 13. Glenn argues that the ALJ did not provide clear and convincing reasons for discounting his credibility. J.S. at 5.

The ALJ noted that Glenn's testimony was inconsistent with the objective medical evidence, the examining physician's opinion and the medical expert's opinion. A.R. 13-14. Substantial evidence supports this reason, and Glenn does not contend otherwise. However, although the lack of objective medical evidence is a factor that an ALJ can consider, it "cannot form the sole basis for discounting pain testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ found that "[a]t the hearing, the claimant complained of low back pain but sat comfortably slouched in his chair in a position which placed much added pressure on his lumbar spine." A.R. 13. Again, however, although the ALJ's observations may be considered, they "may not form the sole basis for discrediting a person's testimony." *Orn v. Astrue*, 495 F.3d 625, 639-40 (9th Cir. 2007).

The ALJ further noted that Glenn "only takes aspirin for his pain symptoms" and "has not seen a doctor for a long time." A.R. 13, 104, 121. Use of over-the-counter pain medication may be considered in discounting pain testimony. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007), *cert. denied*, 128 S. Ct.

///

4

1068 (2008). An unexplained, or inadequately explained, failure to seek treatment may support an adverse credibility finding. *See Orn*, 495 F.3d at 638.

Accordingly, the ALJ did not err. Moreover, given Glenn's testimony, any error would be harmless. *Stout v. Commissioner,* 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless if it is "inconsequential to the ultimate nondisability determination"). As discussed below, Glenn's testimony is consistent with an ability to perform his past relevant work.

### D. Mental Impairment

Glenn argues that the ALJ failed to rate his mental impairment. J.S. 8. When the ALJ has found a "medically determinable mental impairment" (20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1)), the ALJ must rate the degree of functional limitation in four broad functional areas: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(b)(2), (c)(3); *id.* § 416.920a(b)(2), (c)(3).

Here, the ALJ did not find a medically determinable mental impairment. A.R. 12. Therefore, the ALJ was not obligated to rate a mental impairment under the regulations. Glenn points out that the medical expert reviewed the medical records and testified Glenn "has psychiatric diagnosis." A.R. 133-34. Glenn does not cite, and the court is unable to locate, any psychiatric diagnosis in Glenn's medical records.[1] *See* A.R. 71-93.

### E. Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed

---

[1] At the hearing, Glenn testified that he did not know if he had mental problems. A.R. 111. Glenn testified that he was beaten in December 1982, which left a crease in his head. A.R. 113. However, he was subsequently able to perform his cab dispatcher work, most recently in 2003. A.R. 114; *see also* A.R. 60 (worked as cab dispatcher 1985-2001 and 2001-2003). His headaches were minimal as of the hearing on November 27, 2006). A.R. 114.

5

or as generally performed in the national economy.'" *Carmickle v. Comm'r of the Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). Past relevant work is work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling 82-62.[2] The Dictionary of Occupational Titles ("DOT") is the best source for how a job is generally performed. *Pinto*, 249 F.3d at 845.

Here, the ALJ made findings as to Glenn's RFC and stated that he compared it with the physical and mental demands of his past relevant work as cab dispatcher. A.R. 14. The ALJ relied on Glenn's description of the cab dispatcher job as requiring no walking, standing for 1 hour, sitting for 6 hours, reaching, and writing or typing. A.R. 14, 62. The ALJ concluded that Glenn could perform his past relevant work "as actually and generally performed." A.R. at 14.

Glenn argues that, even assuming the ALJ is correct in his conclusion that Glenn is able to perform his past relevant work, the ALJ failed to make the necessary specific findings to support that conclusion. J.S. at 14.

Even assuming that the ALJ could have written more on the subject, any error would be harmless because no reasonable ALJ could reach a different

---

[2] "Social Security rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

6

disability determination on this record. *See Stout*, 454 F.3d at 1056. The vocational expert testified that the cab dispatcher job is sedentary and semi-skilled according to the DOT. A.R. 127. The vocational expert testified that a claimant with Glenn's RFC could perform the cab dispatcher job. A.R. 128. Moreover, the vocational expert testified that an individual with a more restrictive RFC – limited to sedentary work, not required to hold his head or neck in one position for over an hour, could change position every hour, cannot perform fast-paced production work, no operation of foot controls, and no exposure to dust, fumes and gas – would also be able to perform the cab dispatcher job. A.R. 128-29. This testimony was consistent with Glenn's testimony. Glenn testified that "everybody's going in computer dispatch, what they call digital dispatch." A.R. 124. With computerized dispatch, "[y]ou take the call from the customer, you type it in, you dispatch it by pushing a button, and it goes up on the screen, and the driver can choose the call he sees on his screen." A.R. 125. Glenn testified that he had used the computer to dispatch cabs and, when asked, did not identify any reason why he could not perform the cab dispatcher job with a computer. A.R. 125-26. Glenn testified that he could perform a sitting job with no foot controls in an 8-hour workday so long has he could get up every two hours or so. A.R. 119.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 21, 2009

ALICIA G. ROSENBERG
United States Magistrate Judge

7